IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 APR 25 AM 9:06
CLERK
SO. DIST. OF GA.

| | |
|---|---|
| GARY HUBERT DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 106-033 |
| ) | |
| TONY HENDERSON, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1992 convictions for child molestation in the Superior Courts of Richmond County and Columbia County, Georgia. (Doc. no. 1, p. 1). He seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. nos. 3, 4). Of note, Petitioner has already brought a petition challenging his 1992 convictions which is pending before this Court. See Davis v. Superior Court of Richmond County, CV 106-012 (S.D. Ga. Jan. 26, 2006)(hereinafter "CV 106-012").

Petitioner originally filed CV 106-012 as a 42 U.S.C. § 1983 complaint in the Northern District of Georgia. See Davis v. Superior Court of Richmond County, CV 105-3300 (N.D. Ga. Dec. 27, 2005). Because Petitioner was attempting to challenge his convictions, the Honorable Robert L. Vining, Jr., United States District Judge, construed his complaint as a § 2254 habeas corpus petition and transferred it to this Court. Id., doc. no.

4 (N.D. Ga. Jan. 23, 2006). Noting that Petitioner had neither paid the $5.00 filing fee applicable to § 2254 actions nor moved for leave to proceed IFP, the undersigned ordered him to either pay the fee or move to proceed IFP. CV 106-012, doc. no. 6, pp. 1-2 (S.D. Ga. Feb. 10, 2006). The Court also ordered Petitioner to complete and return the standard form petition used by prisoners proceeding under § 2254 in this District. Id.

In response, Petitioner paid the Clerk of Court $3.00. Next, rather than filing the completed form § 2254 petition in CV 106-012, Petitioner filed the instant case on March 6, 2006. (Doc. no. 1). He did not submit the $5.00 filing fee or move to proceed IFP; accordingly, on March 29, 2006, the Court directed him to either pay the fee or seek permission to proceed IFP. (Doc. no. 2). Petitioner responded by filing two motions to proceed IFP. (Doc. nos. 3, 4).

Meanwhile, noting that Petitioner had not remitted the full filing fee for CV 106-012, the Court entered an Order in that case directing him to do so. CV 106-012, doc. no. 7, p. 2 (S.D. Ga. Mar. 16, 2006). Also, as no completed § 2254 form had been returned, the Court reiterated its instruction "to fill out and submit a completed Section 2254 petition." Id. The Court gave Petitioner 30 days to comply with its instructions. That time has passed, and Petitioner has neither paid the remaining $2.00, explained his inability to pay, nor filed a completed § 2254 form in CV 106-012.

Given this history, the Court concludes that Petitioner never intended to file a new case. Rather, the above-captioned petition appears to be an attempt to comply with the Court's directions in CV 106-012. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the Clerk be **DIRECTED** to **CLOSE** the captioned case and **FILE**

Petitioner's completed § 2254 form and motions to proceed IFP in CV 106-012. Petitioner's habeas claims can then be addressed in CV 106-012.

SO REPORTED and RECOMMENDED this 25th day of April, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE